People v Ordway (2023 NY Slip Op 00532)

People v Ordway

2023 NY Slip Op 00532

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

91 KA 21-00199

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN J. ORDWAY, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Jacqueline E. Sisson, A.J.), rendered January 8, 2021. The judgment convicted defendant upon a plea of guilty of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), defendant contends that his waiver of the right to appeal is invalid and that the sentence is unduly harsh and severe. As the People correctly concede, the purported waiver of the right to appeal is not enforceable inasmuch as County Court's minimal inquiry "was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Days, 150 AD3d 1622, 1624 [4th Dept 2017], lv denied 29 NY3d 1125 [2017] [internal quotation marks omitted]; see People v McCoy, 107 AD3d 1454, 1454 [4th Dept 2013], lv denied 22 NY3d 957 [2013]; see generally People v Thomas, 34 NY3d 545, 558 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Although we are thus not precluded from reviewing defendant's challenge to the severity of his sentence, we nevertheless conclude that the negotiated sentence is not unduly harsh or severe.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court